IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVIS ALEXANDER, :
    Plaintiff :
     :
    vs.     CIVIL NO. 1:CV-10-1903
     :
ED WANGER, Building Inspector, :
POLICE DEPT. & FIRE COMPANY,
    Defendants :

*M E M O R A N D U M*

Davis Alexander, an inmate at the Dauphin County Prison, has filed a pro se complaint under 28 U.S.C. § 1983 naming as defendants, Ed Wanger, identified as a building inspector, and the Paxtang Borough Police and Fire Departments. Plaintiff has also filed an application for in forma pauperis status. We will grant the latter request, and because Plaintiff is proceeding in forma pauperis, we will examine the complaint under 28 U.S.C. § 1915(e)(2)(B) for legal sufficiency before authorizing service. In doing so, we will require an amended complaint before allowing this action to proceed.

Plaintiff's only substantive allegation is that there was an assault with intent to commit rape (set forth in his in forma pauperis application). This creates several problems with Plaintiff's lawsuit. First, Plaintiff must allege facts showing that the defendants are responsible for his injury, but Plaintiff fails to allege how any of the defendants caused his injury. Second, Plaintiff is attempting to make a civil rights claim under section 1983. To state a section 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right. *See Miller V. Mitchell,* 598 F.3d 139, 147 (3d Cir. 2010). Plaintiff fails to allege

facts showing that defendant Wanger was acting under color of state law or how that conduct deprived Plaintiff of a constitutional right.

Third, neither the Paxtang Police Department nor the Fire Department are persons capable of being sued under section 1983 because they are not legal entities separate from the Borough. *Pahle v. Colebrookdale Twp.*, 227 F. Supp. 2d 361, 367 (E.D. Pa. 2002)(police department); *Regalbuto v. City of Philadelphia*, 937 F. Supp. 374, 377 (E.D. Pa. 1995)(fire department). *See also Birckbichler v. Butler County Prison*, No. 07-1655, 2009 WL 2986611 at *5 (W.D. Pa. Sept. 17, 2009)(a county prison does not have the legal capacity to be sued in its own name).

A proper defendant would be Paxtang Borough, but the Borough can only be liable in a section 1983 action if it had a policy or custom that caused the injury to Plaintiff. *Watson v. Abington Twp.,* 478 F.3d 144, 155 (3d Cir. 2007).

We will dismiss the action but grant Plaintiff leave to file an amended complaint correcting the deficiencies in his original pleading.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 23, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVIS ALEXANDER, :

    Plaintiff :

:
    vs.                                      CIVIL NO. 1:CV-10-1903
:

ED WANGER, Building Inspector, :
POLICE DEPT. & FIRE COMPANY,
    Defendants :

*O R D E R*

    AND NOW, this 23rd day of September, 2010, upon consideration of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), and his application to proceed in forma pauperis, it is ordered that:

    1. Plaintiff's application (doc. 2) to proceed in forma pauperis is granted.

    2. Plaintiff's complaint (doc. 1) is hereby dismissed under 28 U.S.C. § 1915 (e) (2) (B) (ii) for failure to state a claim upon which relief may be granted

    3. Plaintiff is granted twenty-one (21) days from the date of this order to file an amended complaint curing the deficiencies identified in the accompanying memorandum.

    4. If Plaintiff fails to do so, this action will be dismissed.

                                                     /s/William W. Caldwell
                                                     William W. Caldwell
                                                     United States District Judge